**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**RAYMOND PAUL CAMARATA,**

       **Plaintiff,**

 vs.              **6:14-cv-00578
                       (MAD/ATB)**

**CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration,**

       **Defendant.**
_____

**APPEARANCES:**          **OF COUNSEL:**

**THE DEHAAN LAW FIRM P.C.**    **JOHN W. DEHAAN, ESQ.**
300 Rabro Drive, Suite 101
Hauppauge, New York 11788
Attorney for Plaintiff

**SOCIAL SECURITY ADMINISTRATION** **SIXTINA FERNANDEZ, ESQ.**
Office of Regional General Counsel
Region II
26 Federal Plaza - Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On November 15, 2011, Plaintiff Raymond Paul Camarata (hereinafter "Plaintiff") protectively filed applications for Supplemental Security Income ("SSI") and Social Security Disability Insurance Benefits ("DIB"). *See* Dkt. No. 7-2 at 14. Plaintiff alleges that he has suffered from a "disability" within the meaning of the Social Security Act (the "Act") since November 7, 2011, due to "depression, anxiety disorder with panic attacks, attention deficit

hyperactivity disorder ("ADHD"), borderline intellectual functioning, and a history of alcohol dependence." Dkt. No. 1 at ¶ 4.

Defendant, the Commissioner of the Social Security Administration (hereinafter "Commissioner") denied Plaintiff's applications on March 16, 2012. *See* Dkt. No. 7-4 at 6, 10. In response, Plaintiff made a timely request for a hearing in front of an Administrative Law Judge ("ALJ"), which took place by video before ALJ William M. Manico on December 18, 2012. *See* Dkt. No. 7-2 at 33-62; Dkt. No. 7-4 at 22. ALJ Manico issued an unfavorable decision on December 28, 2012, finding that Plaintiff's conditions do not qualify him as "disabled" under the Act and that Plaintiff is therefore not entitled to DIB benefits under §§ 216(i) and 223(d) or SSI benefits under § 1614. *See* Dkt. No. 7-2 at 14; Dkt. No. 7-4 at 6, 10. Plaintiff appealed the ALJ's decision to the Appeals Council, which denied review. *See* Dkt. No. 1 at ¶ 11.

On May 15, 2014, Plaintiff commenced this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of the Commissioner's unfavorable decision. *See* Dkt. No. 1 at ¶¶ 1, 6. The case was referred to United States Magistrate Judge Andrew T. Baxter for a Report-Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). On June 6, 2015, Magistrate Judge Baxter recommended that the Commissioner's decision be affirmed and Plaintiff's complaint dismissed. *See* Dkt. No. 11 at 25.

Currently before the Court are Plaintiff's objections to Magistrate Judge Baxter's Report-Recommendation, which were submitted within the required fourteen day time period on June 16, 2015. *See* Dkt. No. 12.

## II. DISCUSSION

When a party files specific objections to a magistrate judge's Report-Recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Here, Plaintiff's objections to the Report-Recommendation generally repeat the same arguments raised in his initial brief. *See* Dkt. No. 9 at 22, 30; Dkt. No. 11 at 9; Dkt. No. 12 at 2, 6. First, Plaintiff objects to Magistrate Judge Baxter's finding that ALJ Monico properly evaluated the medical opinion evidence contained in the Administrative Transcript. *See* Dkt. No. 12 at 2. In particular, Plaintiff claims that ALJ Monico failed to give sufficient weight to the RFC evaluation of nurse practitioner, Linda Talerico (hereinafter "Talerico"), and registered nurse, Donna Saville (hereinafter "Saville") and that he made various factual errors. *See* Dkt. No. 9 at 24; Dkt. No. 12 at 3.

In reviewing a final decision by the Commissioner under 42 U.S.C. § 405, the Court does not determine *de novo* whether a plaintiff is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Court must examine the Administrative Transcript to ascertain whether the correct legal standards were applied, and whether the decision is supported by substantial evidence. *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 500-01 (2d Cir. 1998). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations and quotations omitted).

If supported by substantial evidence, the Commissioner's factual determinations are conclusive, and it is not permitted for the courts to substitute their analysis of the evidence. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982) (stating that the court "would be derelict in our duties if we simply paid lip service to this rule, while shaping [the Court's] holding to conform to our own interpretation of the evidence"). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health and Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

Upon review, Magistrate Judge Baxter concluded that "the ALJ gave extensive consideration to the Medical Source Statement prepared by Talerico and Saville" but that he assigned it "little weight" primarily due to "inconsistency with the other medical evidence." *See* Dkt. No. 11 at 13, 15. Further, he found that any factual errors contained in the Administrative Transcript were "minor" and "harmless" because correcting them would "not have changed the outcome of the hearing." *Id.* at 12. As such, Magistrate Judge Baxter determined that ALJ Monico properly analyzed the medical opinion evidence and that the decision to deny Plaintiff benefits was supported by substantial evidence.

Next, Plaintiff objects to Magistrate Judge Baxter's finding that the Appeals Council properly considered the "new" evidence Plaintiff presented after ALJ Monico issued his unfavorable decision. *See* Dkt. No. 12 at 6. The evidence in question is the Medical Source Statement prepared by Talerico and Saville that was originally presented to ALJ Monico, which

had since been signed by Dr. Vidya Patil, a supervising, board-certified psychiatrist who worked at the same facility as the nurses. *See* Dkt. No. 9 at 30.

The Appeals Council is required to consider "new and material" evidence if it "relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. § 404.970(b); *see also Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996). The Appeals Council "will then review the case if it finds that the [ALJ]'s action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b).

To obtain a review of additional evidence, the claimant must establish that "the proffered evidence is (1) new and not merely cumulative of what is already in the record, and that it is (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative." *Sergenton v. Barnhart*, 470 F. Supp. 2d 194, 204 (E.D.N.Y. 2007) (citing *Lisa v. Sec'y of Health & Human Servs.*, 940 F.2d 40, 43 (2d Cir. 1991)). Evidence is material if there is "a reasonable possibility that the new evidence would have influenced the Secretary to decide claimant's application differently." *Id.* If the Appeals Council fails to consider new, material evidence, "the proper course for the reviewing court is to remand the case for reconsideration in light of the new evidence." *Sears v. Colvin*, No. 12-CV-570, 2013 WL 6506496, *5 (N.D.N.Y. Dec. 12, 2013) (quoting *Shrack v. Astrue*, 608 F. Supp. 2d 297, 302 (D. Conn. 2009)).

Upon review, Magistrate Judge Baxter found that the Appeals Council properly considered the Medical Source Statement, now signed by Dr. Patil, before concluding that "neither the contentions nor the additional evidence provide a basis for changing the Administrative Law Judge's decision." *See* Dkt. No. 11 at 21-25. In coming to this conclusion,

5

Magistrate Judge Baxter rejected Plaintiff's argument that the Appeals Council improperly failed to apply the treating physician rule to the Medical Source Statement. *See* Dkt. No. 11 at 22.

The treating physician rule states that "[w]hile the final responsibility for deciding issues relating to disability is reserved to the Commissioner, the ALJ must . . . give controlling weight to a treating physician's opinion on the nature and severity of a plaintiff's impairment when the opinion is not inconsistent with substantial evidence." *Martin v. Astrue*, 337 Fed. Appx. 87, 89 (2d Cir. 2009). The Appeals Council, like an ALJ, is required to apply the treating physician rule where relevant. *See Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999).

When an ALJ or Appeals Council refuses to assign a treating physician's opinion controlling weight, a number of factors must be considered to determine the appropriate weight to assign, including: (i) the frequency of the examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion. *See* 20 C.F.R. § 404.1527(c).

In the present matter, the Court finds that Magistrate Judge Baxter correctly determined that (1) the treating physician rule did not apply to the Medical Source Statement signed by Dr. Patil, and (2) even if the Appeals Council *had* applied the treating physician rule, the outcome of the decision would have been the same. *See* Dkt. No. 11 at 22, 24. The fact that Dr. Patil is the supervising psychiatrist at the facility where Plaintiff received treatment does not, on its own, mandate application of the treating physician rule. The courts have recognized that, "[w]hen a treating physician signs a report prepared by a nurse practitioner . . . the report should be evaluated under the treating physician rule unless evidence indicates that the report does not

reflect the doctor's views." *Djuzo v. Comm'r of Soc. Sec.*, No. 5:13-cv-272, 2014 WL 5823104, *4 & n.10 (N.D.N.Y. Nov. 7, 2014) (collecting cases). Here, however, the record contains no evidence of a doctor-patient relationship between Plaintiff and Dr. Patil. In fact, Dr. Patil's name does not appear in any of Plaintiff's treatment notes or medical records despite receiving treatment at his facility from between February 2012 and January 2013. In fact, at the hearing, Dr. Patil was not mentioned once by either Plaintiff or his representative. Absent any evidence of any sort of ongoing relationship, the Appeals Council's consideration of the new evidence was sufficient. *See Health v. Colvin*, No. 5:14-cv-223, 2015 WL 1959710, *8 (N.D.N.Y. Apr. 29, 2015).

Accordingly, the Court affirm's the Commissioner's decision.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above reasons, the Court hereby

**ORDERS** that Magistrate Judge Baxter's Report-Recommendation is **ADOPTED** in its entirety; and the Court further

**ORDERS** that the Commissioner's decision is **AFFIRMED** and Plaintiff's complaint **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in the Commissioner's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: July 29, 2015
      Albany, New York

Mae A. D'Agostino
U.S. District Judge